IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAYMOND PAYNE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 11-93Erie |
| ) | Magistrate Judge Susan Paradise Baxter |
| JOHN H. DANERI, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff initiated this civil rights suit several months ago in April of this year. On May 10, 2011, Plaintiff filed his consent to have the Magistrate Judge exercise plenary jurisdiction over this case. ECF No. 3. On August 31, 2011, Plaintiff filed a Notice of Withdrawal of Consent. ECF No. 23.

Several months ago, Plaintiff consented to the plenary exercise of jurisdiction by a Magistrate Judge. Now, it appears Plaintiff without explanation seeks to withdraw that consent. "[T]here is no absolute right to withdraw consent once granted." United States v. Neville, 985 F.2d 992, 1000 (9th Cir. 1993). Indeed, "[o]nce a right, even a fundamental right, is knowingly and voluntarily waived, a party has no constitutional right to recant at will." Carter v. Sea Land Services, Inc., 816 F.2d 1018, 1021 (5th Cir. 1987).

As the Carter Court explained:

> We therefore conclude that there is no absolute right to withdraw a validly given consent to trial before a magistrate. Consistent with the standard for granting motions to withdraw other waivers of rights, motions to withdraw consent to trial before a magistrate may be granted only for good cause, determination of which is committed to the court's sound discretion . . . .

1

> In exercising its discretion a court should consider a variety of factors, always remaining open and receptive to consideration of these motions. . . . Among the things a court may consider are: undue delay, *Gandy v. Alabama*, 569 F.2d 1318 (5th Cir.1978), inconvenience to the court and witnesses, *United States v. Lochamy*, 724 F.2d 494 (5th Cir. 1984), prejudice to the parties, *United States v. Unum*, 658 F.2d 300 (5th Cir.1981), whether the movant is acting pro se, *Lewis*, whether consent was voluntary and uncoerced, *United States v. Carr*, 740 F.2d 339 (5th Cir. 1984), whether the motion is made in good faith or is dilatory and contrived, *Gandy*, the possibility of bias or prejudice on the part of the magistrate, *Chanofsky v. Chase Manhattan Corp.*, 530 F.2d 470 (2d Cir.1976), and whether the interests of justice would best be served by holding a party to his consent, *Parks v. Collins*, 736 F.2d 313 (5th Cir. 1984) (motion to withdraw consent to magistrate).

Id. at 1021. Moreover, it is the party seeking to withdraw consent who has the burden of persuasion to show that he should be permitted to withdraw the consent. See id., ("In this case, Carter [i.e., the party seeking to withdraw consent] presented the magistrate no legitimate reason to permit withdrawal of her consent.").

Plaintiff has not carried his burden to show that he should be permitted to withdraw his consent. Accordingly, the motion for leave to withdraw consent [ECF No. 23] is **DENIED**.

s/ Susan Paradise Baxter  
Susan Paradise Baxter  
U.S. Magistrate Judge

Dated: September 8, 2011